```
                UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF OHIO
                      EASTERN DIVISION

UNITED STATES OF AMERICA,   )
                            )   Case No. 5:18-cr-448
         Plaintiff,         )   Youngstown, Ohio
                            )   Thursday
    vs.                     )   February 14, 2019
                            )   3:05 p.m.
PHILIP M. POPA, JR.,        )
                            )
         Defendant.         )

               TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE BENITA Y. PEARSON
                UNITED STATES DISTRICT JUDGE

                      FINAL PRETRIAL

APPEARANCES:

For the Plaintiff:
    Office of the U.S. Attorney
    Northern District of Ohio
    By:  Carol M. Skutnik, Esq.
    Suite 400
    801 Superior Avenue, West
    Cleveland, Ohio  44113
    (216) 622-3785
    carol.skutnik@usdoj.gov




                 Mary L. Uphold, RDR, CRR
    Thomas D. Lambros Federal Building and U.S. Courthouse
              125 Market Street, Room 337
              Youngstown, Ohio  44503-1780
                     (330) 884-7424
              Mary_Uphold@ohnd.uscourts.gov

       Proceedings recorded by mechanical stenography;
    transcript produced by computer-aided transcription.
```

1 **APPEARANCES (CONTINUED):**

2 **For the Defendant:**
   Law Office of William T. Whitaker
3 **By:** Andrea L. Whitaker, Esq.
   301 Gothic Building
4 54 East Mill Street
   Akron, Ohio  44308
5 (330) 762-0287
   whitakerandrea@yahoo.com
6

7                               - - -

P R O C E E D I N G S

- - -

THE CLERK: The matter before the court is Case Number 5:18-cr-448, the United States of America versus Philip M. Popa, Jr.

THE COURT: Good afternoon, everyone. Please feel free to retake your seats.

Counsel for the United States, will you please introduce yourself for the record?

MS. SKUTNIK: Good afternoon, Your Honor. Carol Skutnik from the U.S. Attorney's Office on behalf of the United States.

THE COURT: Welcome, Ms. Skutnik.

Counsel for Mr. Popa, please introduce yourself for the record along with your client.

MS. WHITAKER: Good afternoon, Your Honor. Andrea Whitaker on behalf of Mr. Popa, who is seated to my left.

THE COURT: Welcome to you both as well.

Mr. Popa, this hearing is scheduled as your final pretrial hearing. That means it's intended to be the final opportunity we'll be in court together before this matter proceeds to trial on the 4th of March.

There are several things that I'd like to take up with counsel regarding some things that are docketed, some things that are not.

1  I've made myself pretty clear about my intention
2  of moving this matter forward. I think I've been fair, I've
3  been considerate of the request to continue this matter.
4  I've moved this trial forward the equivalent of some
15:06:41  5  multiple, even if it's only two and a half, of the speedy
6  trial amount of time that's usually allowed for a matter to
7  proceed to trial.
8  This isn't a complex case. It's not declared
9  complex. It's simply a two-count indictment that, yes, if
15:06:57  10  convicted, would mean a serious penalty is to be imposed.
11  The United States, Mr. Popa -- and when I say "the
12  United States," I mean Ms. Skutnik's client, as well as the
13  citizens, have a right to move this forward speedily, and
14  now is the time.
15:07:16  15  Ms. Whitaker, you asked for a continuance. I gave
16  you exactly what you asked for, as close to it as I could
17  manage.
18  You asked for more time. I gave you less, but
19  only after reaching agreement with you and Ms. Skutnik that
15:07:28  20  that could be accommodated.
21  You asked for a slight additional amount of time,
22  and I think you styled it as two or three business days to
23  file motions. But I didn't receive those motions. I didn't
24  receive those motions until about six days later.
15:07:44  25  And then remarkably, somehow they're on my docket,

```
 1    and they shouldn't be.  It's one thing to file a motion for
 2    leave to file instanter that which is late.  It's another
 3    thing to go ahead and file them.  And you did both.
 4            No need.
 5            MS. WHITAKER:  Okay.
 6            THE COURT:  It's a fact.  It's on the docket.
 7            It disadvantages the court, because I'm not able
 8    to be fully prepared for this hearing as I would have been
 9    because I would have had Mr. Popa's filings and
10    Ms. Skutnik's.
11            Ms. Skutnik, I am not sure what I am going to do
12    about that which is on the docket.  I am not sure what the
13    ruling is yet on the motion to file instanter or the motion
14    to compel or the motion for expert, although I have some
15    strong ideas already, or the motion to suppress.
16            You have an opportunity to respond.  When are you
17    able to give me your written response?
18            MS. SKUTNIK:  Your Honor, the matters that have
19    been raised by defense counsel are very complex.  I
20    anticipate needing to consult with and potentially hire a
21    mathematical expert --
22            THE COURT:  Listen.  I think you misread what's
23    been written.  I don't see it that way at all.  And I won't
24    tell you how you can spend the government's money, but if
25    you do it, you'll end up doing it at a trot, as will
```

|  |  |
|---|---|
| 1 | Ms. Whitaker, because I will bend every sail to keep that |
| 2 | trial that's scheduled for March 4th. |
| 3 | What I see before me is a challenge that either |
| 4 | says the agent was lying or the evidence wasn't supported by |
| 5 | Daubert.  Either way, if it wasn't valid and reliable but |
| 6 | the agent believed it was, isn't that then just a Leon |
| 7 | question? |
| 8 | MS. SKUTNIK:  Absolutely, Your Honor. |
| 9 | THE COURT:  Then why do I need a mathematical |
| 10 | expert to prove up that which may be under the auspices of |
| 11 | Daubert? |
| 12 | MS. SKUTNIK:  And certainly this court properly |
| 13 | calls me on the fact that I have jumped ahead of myself. |
| 14 | The motions ask for -- present a -- what I'll call |
| 15 | a preliminary case for suppression, but it also asks for the |
| 16 | ability to supplement upon the hiring of Ms. Loehrs, who |
| 17 | I -- |
| 18 | THE COURT:  Which builds upon the motion to |
| 19 | compel.  And I strongly suggest you start there, at the root |
| 20 | of the matter. |
| 21 | MS. SKUTNIK:  And so I would -- I would, starting |
| 22 | there, say a couple of things to Your Honor.  First of all, |
| 23 | I'd like to just place on the record a couple of facts since |
| 24 | there's been two motions filed for continuance indicating |
| 25 | that the purpose of the continuance was -- or indicating |

1        that the government had provided some discovery to Mr. Popa.

2                    And I would just simply like to place on the

3        record for this court that I hand-delivered discovery to the

4        Whitaker law practice in the parking lot of their office

15:10:54   5        building on September 10th, 2018.  I supplemented that

6        production two days later with two additional reports that

7        related to descriptions of images of forensic analysis of

8        computer devices.

9                    Since September 13th, 2018, I have not received

15:11:15  10        any requests for additional discovery.  I have not received

11        any request to come to a government facility to view the

12        material.  And I have not received any request to make the

13        material available to defense counsel and to her forensic

14        expert until I received the motion to compel.

15:11:37  15                    In fact, my discovery letter says, in my discovery

16        letter, "You're not going to get these images, because the

17        law prohibits me from turning those images over.  But if you

18        would like to hire a forensic expert to come and view the

19        material, I will make the material available at the FBI

15:11:54  20        facility.  I will orchestrate that appointment so that you

21        might be able to accomplish that."  And I have not received

22        that request.

23                    The motion to compel now says, as one of the

24        things that is asked for, that they want me to ship this

15:12:09  25        contraband to Arizona at the convenience of their proposed

1 expert so that their expert might review this material at a
2 facility in Arizona.
3 Which means that I, along with every other
4 district that Tami Loehrs asks this request of, would then
5 burden the Arizona FBI facility with my evidence, my
6 contraband, so that it might be convenient for Ms. Loehrs,
7 who is hired in a case in the Northern District of Ohio.
8 The U.S. Attorney's Office here in the Northern
9 District of Ohio does not do that. We wouldn't ship cocaine
10 to Arizona to be tested, we wouldn't ship guns, and we
11 certainly don't ship child pornography to another agency.
12 That material is available to Ms. Loehrs at a
13 government facility. I will facilitate that. If she wants
14 to come here, if retained as an expert in this case, and
15 view the material, I will make that promptly available to
16 her.
17 I received an e-mail, I believe it was last week,
18 from defense counsel asking me to supply a copy of a
19 government forensic -- or a law enforcement tool used on the
20 network that is the subject of this case.
21 I indicated in my response that I would not supply
22 that because I thought it was inconsistent with Sixth
23 Circuit case law.
24 Now, I've reviewed her motion and have -- I see
25 her reference to the Budziak case, and I believe that I can

1  file a response to that motion maintaining the government's
2  position that we do not need to turn that law enforcement
3  program over to them.
4  I would ask the court, if the court would indulge
5  me, for a date next week that I might respond. I have to
6  write an appeal this weekend that is due next week, but I
7  could have that to the court within a couple of days, Monday
8  being a government holiday.
9  And lastly, Your Honor, there is a third request
10 in the motion to compel for log files. I have not been able
11 to connect personally with Task Force Officer Anschutz
12 regarding this material. I will confer with him, or
13 continue to reach out to him so that I might make an inquiry
14 to him as to if that is available, in what format that would
15 be available, and how I might produce that in a prompt
16 manner.
17 And I will make sure that I have that information
18 from him by tomorrow at the latest so that I might reach out
19 to defense counsel to produce that material if that is
20 material that is available to the government.
21 THE COURT: Ms. Whitaker, I don't allow motions to
22 compel if there hasn't been a fair opportunity given to the
23 government to give you what it is you seek. I make that
24 clear in my pretrial order. I strike those motions. I'm
25 striking yours.

```
15:15:34
15:15:46
15:15:58
15:16:10
15:16:25
```

1         You've heard what Ms. Skutnik has said, that
2   she'll give you.  Now she knows what it is.  I expect you to
3   work with her.
4         Ms. Skutnik, I'm looking at the calendar for next
5   week.  I'd like your response as soon as I can get it.  Is
6   the 21st, Thursday, unreasonable?
7         MS. SKUTNIK:  It is not, Your Honor.  Thank you so
8   much.
9         THE COURT:  Then that's when I'll expect it.
10        Ms. Whitaker, if you have any response to be made,
11  you'll make it by 4 p.m. the next day, the 22nd.
12        Make sense?
13        MS. WHITAKER:  (Nodding head up and down.)
14        THE COURT:  What else -- I see that you are
15  nodding, but you must articulate for the record.
16        MS. WHITAKER:  I apologize.  Yes, Your Honor.
17        THE COURT:  What else is there that I can attend
18  to today?  I will resolve these motions.
19        Have there been any offers made to Mr. Popa, plea
20  offers?
21        MS. SKUTNIK:  No, Your Honor.  There have been --
22  there have been no offers made.  There was minimal
23  discussion at the early onset of this case.  However, it is
24  the position of the United States Attorney's Office here in
25  the Northern District that we would not come off of what I

```
 1    would consider the top count, which in this case would be
 2    Count 1, which is the receipt of visual depictions of real
 3    minors engaged in sexually explicit conduct.  And so any
 4    discussion related to a plea would include a plea to that
 5    count.
 6              THE COURT:  And when you draft your response, keep
 7    in mind what I've said, and what you write will be what you
 8    can legally substantiate.  But I don't know how I go from --
 9    unless your agent tells me he did not believe in the formula
10    that he employed, that I go to the testing of the validity
11    of that.
12              Make sense?
13              MS. SKUTNIK:  Yes, Your Honor.
14              THE COURT:  And I'll hear from you by 4 p.m. the
15    day after.
16              What else before I end the hearing?
17              MS. SKUTNIK:  Your Honor, may I?  Just for
18    purposes of clarification, I want to make sure that I am
19    hearing the court correctly.
20              I am filing a response to the motion to compel, as
21    well as a response to the motion to suppress by Thursday --
22              THE COURT:  I think you've already given your
23    response to the motion to compel.
24              MS. SKUTNIK:  Thank you, Your Honor.
25              THE COURT:  You said that which you intend to turn
```

MARY L. UPHOLD, RDR, CRR            (330) 884-7424

```
 1   over, you will.  If you'd like to write something about the
 2   law enforcement tool that you believe the production of with
 3   is inconsistent with Sixth Circuit law, I'll hear that.
 4              MS. SKUTNIK:  Thank you.
 5              THE COURT:  But I don't allow motions to compel
 6   without there having been a fair opportunity for you to
 7   understand what the defendant wants, and for you to object
 8   to turning it over, and then the matter comes to me, not
 9   first.
10              MS. SKUTNIK:  Thank you for the clarification,
11   Your Honor.
12              THE COURT:  What is it, Ms. Whitaker?
13              MS. WHITAKER:  I just wanted to, if I may put a
14   few things on the record in response to --
15              THE COURT:  If Ms. Skutnik is finished.
16              MS. WHITAKER:  Yes.
17              THE COURT:  If you are.
18              MS. SKUTNIK:  I am, Your Honor.  Thank you very
19   much.
20              THE COURT:  Go ahead.
21              MS. WHITAKER:  Thank you, Your Honor.
22              As it relates to the motion to compel, the motion
23   only -- while it does outline two things that I'm looking
24   for, the logs and the documents -- and the computers based
25   on my conversation with Ms. Loehrs, I do lay out in that
```

| | | |
|---|---|---|
| | 1 | very clearly that that is -- I guess for convenience |
| | 2 | purposes, I have not alleged that that is -- |
| | 3 | THE COURT: Listen, nothing about a criminal |
| | 4 | prosecution for alleged child pornography is or is intended |
| 15:18:41 | 5 | to be convenient. |
| | 6 | And what you also need to speak with about this |
| | 7 | expert, should she be allowed to work on this case, is her |
| | 8 | ability to get to the place within the Northern District of |
| | 9 | Ohio to do her work. |
| 15:18:54 | 10 | MS. WHITAKER: She is perfectly capable of doing |
| | 11 | that. The offer to do that in Arizona she thought would |
| | 12 | expedite it, and that's why she made that offer. |
| | 13 | THE COURT: Well, if she's going to do it at all, |
| | 14 | it will also be expedited. You might mention that to her as |
| 15:19:06 | 15 | well. |
| | 16 | MS. WHITAKER: I will, Your Honor. |
| | 17 | But that's why that was there. She said it's |
| | 18 | happened before, she's found that to be least expensive for |
| | 19 | the court, so she makes that suggestion. She's certainly |
| 15:19:17 | 20 | capable of doing it wherever the government and the court |
| | 21 | wants her to do that. That's not an issue. |
| | 22 | In terms of the compel, the only -- the only item |
| | 23 | that I articulated in the motion that I previously asked for |
| | 24 | and had not received was the law enforcement tool. And that |
| 15:19:32 | 25 | is the only thing that -- and if I've misstyled those items |

|   |   |
|---|---|
| 1 | as something that I was seeking to compel as opposed to |
| 2 | requesting, then that is my mistake.  The only -- I have |
| 3 | said very clearly in my motion, I thought, and, again, my |
| 4 | writing may not be as clear as I anticipated, what I had |
| 15:19:52  5 | sought to compel was the law enforcement tool and Freenet. |
| 6 | That was the only item I had asked for in advance of filing |
| 7 | it. |
| 8 | Ms. Skutnik is correct, she's given me discovery |
| 9 | on two prior occasions.  So I have not nor have I ever |
| 15:20:08  10 | claimed that she hadn't given me anything besides the law |
| 11 | enforcement Freenet tool.  She indicated to me that she did |
| 12 | not believe that was discoverable.  She said she would |
| 13 | provide some Sixth Circuit law to support that. |
| 14 | I asked her for that.  She didn't provide it. |
| 15:20:23  15 | There wasn't a lot of time to provide it.  I'm not in any |
| 16 | way saying that she didn't do something she was supposed to. |
| 17 | I'm just laying out for the court what happened. |
| 18 | In terms of the instanter, that typically, I |
| 19 | understand that that's not what the court -- when I file a |
| 15:20:40  20 | motion instanter to file it, my understanding, and the way |
| 21 | I've done it in other -- |
| 22 | THE COURT:  It's wrong. |
| 23 | MS. WHITAKER:  I apologize. |
| 24 | THE COURT:  And I don't need to hear that |
| 15:20:48  25 | explained.  When you file instanter, you're waiting for my |

|   |   |
|---|---|
| 1 | permission to file.  You don't file instanter and then go |
| 2 | ahead and file. |
| 3 | MS. WHITAKER:  Okay.  I hear you, Your Honor. |
| 4 | THE COURT:  I'm only interested in hearing that |
| 15:20:57  5 | which aids the court.  Right now I'm looking at a problem, a |
| 6 | problem that I hope to avoid by the generosity shown for the |
| 7 | reasons explained earlier in moving these dates. |
| 8 | And now here it is -- and I strongly encourage you |
| 9 | and Mr. Popa to discuss, because while you write, "He's in |
| 15:21:16 10 | custody, there are no worries," I think you also presume |
| 11 | that if there's a conviction, there will be a sentence with |
| 12 | credit for time served.  I wouldn't count on that. |
| 13 | MS. WHITAKER:  I understand, Your Honor. |
| 14 | THE COURT:  Is there anything more? |
| 15:21:28 15 | MS. WHITAKER:  Yes, Your Honor. |
| 16 | THE COURT:  What is it? |
| 17 | MS. WHITAKER:  In terms of the timing of the |
| 18 | filing on the suppression and the issue of the expert, that |
| 19 | is my responsibility.  I want to -- Mr. Popa certainly has |
| 15:21:43 20 | done nothing -- |
| 21 | THE COURT:  You don't need to explain that to me. |
| 22 | I understand that.  What aids the court is all that you |
| 23 | should say now. |
| 24 | MS. WHITAKER:  And I am trying to do that, Your |
| 15:21:52 25 | Honor.  I did not know of some of these issues until I spoke |

```
                 1    to Ms. Loehrs, who I did not learn about --

                 2              THE COURT:  I gave you about 120 days to do that.

                 3              MS. WHITAKER:  I understand that.  And I --

                 4              THE COURT:  And then you wrote to me asking for

15:22:05         5    another about 120 days to do what I'd already given you

                 6    about 120 days to do.  And now you write to me six days

                 7    after I gave you to write to me most recently, and that

                 8    writing still asks for more time to employ an expert.

                 9              So there's no way around it.  And I don't need to

15:22:28        10    hear further discussion on it.  What aids the court is all

                11    you should say next.  What is there?

                12              MS. WHITAKER:  The other thing, Your Honor, is I

                13    do believe that there are issues regarding the suppression

                14    beyond what the court has identified in terms of what --

15:22:46        15              THE COURT:  I'll hear it when Ms. Skutnik writes

                16    and you'll have an opportunity to round out, and I don't

                17    need to hear that now unsubstantiated.

                18              MS. WHITAKER:  Okay.  Okay.

                19              THE COURT:  This hearing is adjourned.

15:23:04        20              THE CLERK:  All rise.

                21         (Proceedings concluded at 3:23 p.m.)

                22                              - - -

                23

                24

                25
```

17

1  C E R T I F I C A T E

2

3

4  I certify that the foregoing is a correct transcript

5  from the record of proceedings in the above-entitled matter.

6

7  */s/ Mary L. Uphold*     September 25, 2019
   Mary L. Uphold, RDR, CRR    Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25